UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

RAYMOND BISCHOFF                                        PLAINTIFF

v.                                     CIVIL ACTION NO. 3:09-CV-949-S

BRANCH BANKING AND TRUST COMPANY                        DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Raymond Bischoff, filed a *pro se*, *in forma pauperis* complaint (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff names as Defendant Branch Banking and Trust Company, which he states is a business located in Winston-Salem, North Carolina. He states that the grounds for filing this complaint are the United States and Kentucky Constitutions. The statement of his claim portion of his complaint is less than clear. He appears to allege that Defendant disregarded his rights and property by falsifying information causing him to lose his property. He references a state court case and states that the property in question was sold at a foreclosure sale on May 12, 2009.

**II. ANALYSIS**

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis

either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

It is not clear on what grounds Plaintiff is invoking jurisdiction in this Court. He may be attempting to invoke diversity jurisdiction since according to the complaint Defendant is located in North Carolina while he resides in Kentucky. He also asks for damages in excess of $75,000. Putting aside the question of whether diversity of citizenship exists in this case, this case is barred by the *Rooker-Feldman* doctrine. Under this doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The doctrine prevents both a direct attack of the substance of a state court decision and a challenge to the procedures used by the state court in arriving at its decision. *Anderson v. Charter Township of Ypsilanti*, 266 F.3d 487, 493 (6th Cir. 2001).

Here, the issues raised in the complaint are inextricably intertwined with the state court action such that Plaintiff is effectively asking this Court to invalidate the state-court foreclosure judgment. The *Rooker-Feldman* doctrine is, therefore, directly applicable. Plaintiff is "asking this Court to enter an order that will effectively render the final judgment entered by the state court null and void. Plaintiff's complaint is, therefore, subject to dismissal for lack of subject matter jurisdiction and fails to state a claim upon which relief may be granted." *McCroy v. New York Bank and Trust Co.*, No. 08-12701, 2008 WL 2714116, at *1 (E.D. Mich. July 07, 2008) (dismissing case as frivolous under § 1915(e) where *pro se* plaintiff sued bank after property foreclosed on in state-court proceeding); *see also Moore v. Deutsche Bank Nat.*, No. 07-11114, 2007 WL 3053675, at **4-5 (E.D. Mich. Oct. 19, 2007) (finding that dismissal under § 1915(e)(2) warranted based on *Rooker-Feldman* abstention where plaintiff's property sold as a result of a state-court foreclosure action).

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss the instant action.

Date: February 11, 2010

                                         **Charles R. Simpson III, Judge**

cc:    Plaintiff, *pro se*                **United States District Court**
      Defendant
4412.009